IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

QUANARDO TAYLOR,

       Plaintiff,

v.                                 Civil Action No. 2:10cv103
                                 (Judge Bailey)

DR. HAMMOND,
DR. THOMPSON,
DR. FANNING,
DR. PLOGA BROWN,
DR, LEE,
JAMES N. CROSS, Warden,
DR. AZZUMBA,
C. SMITH, Officer,
N. HOAGLAND, Counselor,

       Defendants.

## REPORT AND RECOMMENDATION

On August 19, 2010 the *pro se* plaintiff, who is a federal inmate incarcerated at USP Allenwood, initiated this case by alleging that his civil rights were violated at USP Hazelton. The plaintiff has been granted leave to proceed *in forma pauperis*, and the initial partial filing fee has been waived. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.02 and 28 U.S.C. §§ 1915A and 1915(e).

## Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee,

the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life,

---

[1] *Id.* at 327.

whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford at 92-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *Id.* at 101-102.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order

---

[2] *Id.*

3

to properly exhaust his administrative remedies.

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681-82 (4th Cir. 2005).

In this case, the plaintiff asserts that he "filed the initial grievance to the counselor, and the prison failed to answer them so I have exhausted my remmedys [sic]. They failed to answere [sic] within the twenty one day's limit. In fact they didn't answere [sic] them at all. (Doc. 1-2, p. 4). That lack of response, however, is not sufficient for the plaintiff to abandon his other remedies.[3] The plaintiff admittedly has not sought relief beyond the informal level, and thus, has not fully exhausted his administrative remedies. Accordingly, it is clear from the face of the complaint that the plaintiff failed to exhaust his claims prior to filing suit and those claims should be dismissed. See Woodford, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

**Recommendation**

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED without prejudice** for the failure to exhaust administrative remedies. It is

---

[3] Pursuant to 28 C.F.R. § 542.18, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." In other words, if no response is received, the grievance is deemed denied and the inmate may appeal that denial to the next level. Thus, a lack of response does not relieve an inmate of his duty to complete each level of the administrative process, allow him to abandon the process or otherwise waive the exhaustion requirements.

further recommended that the plaintiff's pending motions (dckts. 25, 27, and 30) be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 20, 2010

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE