**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**QUANARDO TAYLOR,**

        **Plaintiff,**

**v.**                                              **Civil Action No. 2:10cv103
(Judge Bailey)**

**DR. HAMMOND,
DR. THOMPSON,
DR. FANNING,
DR. PLOGA BROWN,
DR, LEE,
JAMES N. CROSS, Warden,
DR. AZZUMBA,
C. SMITH, Officer,
N. HOAGLAND, Counselor,**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

I.    Introduction

On December 20, 2010, Magistrate Judge James E. Seibert filed his Report and Recommendation ("R&R") [Doc. 35], wherein the plaintiff was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Plaintiff filed his objections on December 30, 2010 [Docs. 40 and 41] and again on January 10, 2010 [Doc. 44]. In his R&R, the Magistrate Judge recommends this matter be dismissed without prejudice for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989).  As noted above, the plaintiff did file several objections.

## II.    Applicable Law

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory.  *See **Booth v. Churner***, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court.  *See **Porter***, at 524 (citing ***Booth***, 532 U.S. at 741) (emphasis added).

Moreover, in ***Woodford v. Ngo***, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits."  Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion."  ***Woodford***, at 92-94 (emphasis added).  Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. ***Id***. at 101-102.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, *et seq.* This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Hazelton, such as Mr. Taylor, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.). If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In **Jones v. Bock**, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint. *See* **Anderson v. XYZ Prison Health Services**, 407 F.3d 674, 681-82 (4th Cir. 2005).

III.  Discussion

Upon a *de novo* examination of the report from the Magistrate Judge, it appears to this Court that the issues raised by the plaintiff in his civil rights Complaint were thoroughly considered by Magistrate Judge Seibert in his R&R. This Court finds, as did the Magistrate

Judge, that the plaintiff has failed to exhaust his administrative remedies, thus barring remedy at this level. This Court further finds that, regardless of the failure to exhaust, the plaintiff's claims still fail on the merits, as more particularly set forth in the R&R, as he has not met the standard for injunctive relief, and he has not shown that the defendants have a clear duty to protect him in the manner in which he claims.

In this case, the plaintiff asserts that he "filed the initial grievance to the counselor, and the prison failed to answer them so I have exhausted my remmedys (*sic*). They failed to answere (*sic*) within the twenty one day's limit. In fact they didn't answere (*sic*) them at all." See Doc. 1-2, p. 4. That lack of response, however, is not sufficient for the plaintiff to abandon his other remedies as described in more detail below.

In his Objections [Docs. 40 and 41], the plaintiff is led to believe that a failure on the prison's behalf to file a response to a grievance relieves him of his requirement to exhaust his administrative remedies. In support of this contention, the plaintiff cites to a few cases, none of which are from the Fourth Circuit. One such case the plaintiff cites is ***White v. McGinnis***, 131 F.3d 593 (6th Cir. 1997), which actually *affirmed* the district court's *sua sponte* dismissal due to failure to exhaust administrative remedies. Indeed, the well-settled law governing PLRA exhaustion states that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." ***Woodford***, 548 U.S. at 85.

Pursuant to 28 C.F.R. § 542.18, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." In other words, if no response is received, the grievance is deemed denied and the inmate may appeal that denial to the next level. Thus,

a lack of response does not relieve an inmate of his duty to complete each level of the administrative process, allow him to abandon the process, or otherwise waive the exhaustion requirements. This is precisely what the plaintiff has done in this case.

In his second set of Objections [Doc. 44], the plaintiff actually admits that he did not exhaust his administrative remedies. Specifically, the plaintiff states, "And furthermore I **didn't get a chance to exhaust the remedy's** (*sic*) because I had tryed (*sic*) to comit (*sic*) suicide on 9/17/10, and they sent me to . . . Mon General Hospital . . .." (emphasis added). Again, in the same document, the plaintiff states that "[I] had no time, or the resorce's (*sic*) to file, or compleat (*sic*) exhaustion of admistrative (*sic*) remady's (*sic*) . . .." This clearly shows that the plaintiff's Complaint must be dismissed.

IV.    Conclusion

Therefore, upon thorough review of the entire record, it is **ORDERED** that Magistrate Judge Seibert's R&R **[Doc. 35]** be, and the same hereby is, **ADOPTED** for the reasons more fully stated therein. Accordingly, it is **ORDERED** that the plaintiff's Complaint **[Doc. 1]** be **DISMISSED WITHOUT PREJUDICE**, and that this civil action be **STRICKEN** from the docket of this Court. It is further **ORDERED** that the Clerk shall enter judgment for the defendants.

This Court notes that subsequent to the filing of the R&R, the plaintiff filed a Motion for Exercising the Preliminary Injunction **[Doc. 42]**, which essentially alleges the same claims as stated in his Complaint. Accordingly, for the same reasons, this motion is **DENIED**.

As a final matter, the plaintiff's remaining pending motions **[Docs. 2, 25, 27, and 30]**

are hereby **DENIED AS MOOT**.

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit. Further, this Court hereby **DENIES** the plaintiff a Certificate of Appealability.

The Clerk of the Court is directed to transmit a copy of this Order to all parties appearing herein.

It is **SO ORDERED**.

**DATED**: January 14, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE